AO 245B (Rev. 11/16)  Sheet 1 - Judgment in a Criminal Case

# United States District Court

**District of Minnesota**

<table>
<tr><td>UNITED STATES OF AMERICA<br>v.<br><b>Abdirizak Mohamed Warsame</b></td><td><b>JUDGMENT IN A CRIMINAL CASE</b><br>Case Number: <b>16-cr-37 (1) (MJD)</b><br>USM Number: <b>19700-041</b></td></tr>
</table>

<u>**Robert Sicoli**</u>
Defendant's Attorney

## THE DEFENDANT:

[X]     pleaded guilty to count 1 of the Information.
[]     pleaded nolo contendere to counts(s) which was accepted by the court.
[]     was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2339B(a)(1) | CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION | 4/3/15 | 1 |

     The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[]     The defendant has been found not guilty on counts(s) **.**
[]     Count(s)  (is)(are) dismissed on the motion of the United States.

A $100.00 special assessment for the Crime Victims Fund is required by statue to be paid immediately.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

November 14, 2016
Date of Imposition of Judgment

s/Michael J. Davis
Signature of Judge

**MICHAEL J. DAVIS**, Senior United States District Judge
Name & Title of Judge

November 30, 2016
Date

AO 245B (Rev. 11/16)  Sheet 2 - Imprisonment

| | |
|---|---|
| DEFENDANT: | ABDIRIZAK MOHAMED WARSAME |
| CASE NUMBER: | 16-CR-37 (1) (MJD) |

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 30 months.

[X]     The court makes the following recommendations to the Bureau of Prisons: The Defendant be placed in the state of Minnesota so he may be close to his family.

[X]     The defendant is remanded to the custody of the United States Marshal.

[]     The defendant shall surrender to the United States Marshal for this district.
       [] at   on .
       [] as notified by the United States Marshal.

[]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [] before  on .
       [] as notified by the United States Marshal.
       [] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on_____  to  _____

a _____ , with a certified copy of this judgment.


                                                        _____
                                                        United States Marshal


                                              By  _____
                                                        Deputy United States Marshal

AO 245B (Rev. 11/16)  Sheet 3 - Supervised Release

DEFENDANT:            ABDIRIZAK MOHAMED WARSAME
CASE NUMBER:          16-CR-37 (1) (MJD)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 20 years .

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of
   release from  imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - []     The above drug testing condition is suspended, based on the court's determination that you pose a low risk of
     future substance abuse. (check if applicable)

4. [X] You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable)*

5. [] You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901,
   et seq.) as  directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in
   which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6. [] You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on
the attached page.

AO 245B (Rev. 11/16)  Sheet 3A - Supervised Release

DEFENDANT:          ABDIRIZAK MOHAMED WARSAME
CASE NUMBER:        16-CR-37 (1) (MJD)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature  _____     Date _____

Probation Officer's Signature  _____     Date _____

AO 245B (Rev. 11/16)  Sheet 3D - Supervised Release

DEFENDANT:          ABDIRIZAK MOHAMED WARSAME
CASE NUMBER:        16-CR-37 (1) (MJD)

# SPECIAL CONDITIONS OF SUPERVISION

a   The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

b   The defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Office.  The defendant's cooperation shall include but not be limited to allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access.  Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under the defendant's control. The computer system or devices may be removed for a more thorough examination, if necessary. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the U.S. Probation Office and Pretrial Services Office.

c   If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed. The defendant may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

d   The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

e   The defendant shall not possess, view, access or otherwise use material that reflects extremist or terroristic views or as deemed to be inappropriate by the U.S. Probation Office.

f   The defendant shall participate in a mental health counseling program as approved by the probation officer. This program may include psychological/psychiatric counseling or treatment, family counseling, and mentor support.

g   The defendant shall submit to periodic polygraph testing at the direction of the probation officer as a means to ensure compliance with the requirements of supervision.

h   The defendant shall surrender his passport and any travel documents and must not apply for a new passport or travel documents.

i   The defendant shall reside for a period of up to 365 days in a residential reentry center as approved by the probation officer and shall observe the rules of that facility, which may include location monitoring with Global Positioning System (GPS) technology. The defendant may be restricted to their residence at all times except for employment; education; religious services; medical; substance abuse; or mental health treatment; court obligations; or discretionary leave activities as approved by the probation officer. The defendant shall not be required to pay the costs of location monitoring.

j   The defendant shall submit to substance abuse testing as approved and directed by the probation officer.

k   The defendant shall not give interviews or speeches unless approved by the Court and U.S. Attorneys Office.