Prob 12 (Rev. 11/1/2004)

# United States District Court

for the

DISTRICT OF MINNESOTA

United States v. Abdirizak Mohamed Warsame

Docket No. 0864 0:16CR00037-001(MJD)

Petition on Supervised Release

COMES NOW **Eric R. Hermes**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Abdirizak Mohamed Warsame** who was sentenced for Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization on November 14, 2016, by the Honorable Michael J. Davis, who fixed the period of supervision at 20 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Search/seizure
- No computer/internet access
- Computer search
- Employment required
- Provide requested financial documentation
- Not possess/view/access terroristic or extremist material
- Mental health counseling
- Polygraph examinations
- Surrender passport and not apply for a new passport
- Residential reentry center with Global Positioning System (GPS) technology for 365 days
- Substance abuse testing
- No interviews/speeches unless approved by the Court and U.S. Attorney's Office
- Substance abuse treatment (modified April 4, 2018)
- 15 days extra residential reentry center placement (modified August 7, 2018)
- 60 days extra residential reentry center placement (modified November 7, 2018)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

SPECIAL CONDITION: The defendant shall reside for a period of up to 365 days in a residential reentry center as approved by the probation officer and shall observe the rules of that facility, which may include location monitoring with Global Positioning System (GPS) technology. The defendant may be restricted to their residence at all times except for employment; education; religious services; medical; substance abuse; or mental health treatment; court obligations; or discretionary leave activities as approved by the probation officer. The defendant shall not be required to pay the costs of location monitoring.

> STANDARD CONDITION: The defendant must not communicate with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not communicate or interact with that person without first getting permission of the probation officer.

Prior to the defendant's polygraph on May 30, 2019, the defendant disclosed that he had previously used chewing tobacco while residing at a residential reentry center. This is a violation of residential reentry center rules. Additionally, the defendant admitted he continued to communicate with convicted felons that had been discharged from the residential reentry center. The defendant also admitted he did not receive permission from this officer or the Court to continue communicating with convicted felons that had been discharged from the residential reentry center. These violations were not known to residential reentry center staff or this officer.

PRAYING THAT THE COURT WILL ORDER that conditions of supervision be modified to include the following:

- Upon release from the residential reentry center, the defendant shall participate in a location monitoring program for a period of 1 year. The defendant shall be monitored using global positioning system (GPS) technology. The defendant shall be monitored under the following restrictions:

  The defendant is restricted to their residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; court obligations; or discretionary leave activities as approved by the probation officer. The defendant shall not be required to pay the costs of location monitoring.

- The defendant shall not access Internet Relay Chats, newsgroups, or participate in any online social environment (i.e. Facebook, Twitter, Second Life, LinkedIn, Craigslist, FaceTime, WhatsApp, video/audio, etc.) or texting applications, which allows the user interaction unless pre-approved and authorized by the Probation Officer **AND** Court.

- The defendant shall not have any contact, direct or indirect, or through a third party to any media personnel, journalists, or reporters unless granted permission from the Court. If the defendant is approached by any media personnel, journalist, or reporter, the defendant is not to give a comment or statement and **IMMEDIATELY** inform the supervising Probation Officer.

| ORDER OF THE COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this __6th__ day of __June, 2019__, and ordered filed and made a part of the records in the above case. | *s/ Eric R. Hermes* <br><br> Eric R. Hermes <br> U.S. Probation Officer <br> Telephone: 612-664-5367 |
| s/ Michael J. Davis <br> Honorable Michael J. Davis <br> Senior U.S. District Judge | Executed on   June 5, 2019 <br> Place            Minneapolis <br><br> Approved: <br><br> s/ Darren F. Kerns <br> Darren F. Kerns <br> Supervising U.S. Probation Officer |